

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DCP:DGR/MJB
F. #2019R01687

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 5, 2022

BY HAND DELIVERY

The Honorable Gary D. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re: Securities and Exchange Commission v. Battery Private, Inc. and Jeffrey Slothower,
> Civil Docket No. 21-4577 (JMA),
> and
> United States v. Jeffrey Slothower,
> Criminal Docket No. 21-602 (GRB)

Dear Judge Brown and Judge Azrack:

Pursuant to Local Rule 50.4, the government respectfully notifies the Court that the above-captioned cases (the "Civil Case" and the "Criminal Case," respectively) are related because, as discussed below, the same underlying facts are at issue in both cases.

On August 13, 2021, the U.S. Securities and Exchange Commission (the "SEC") filed the Civil Case, which alleged, inter alia, claims against defendant Jeffrey Slothower for securities fraud and investment adviser fraud, which claims related to an alleged scheme to defraud two current and prospective clients of Slothower's investment advisory firm, Battery Private, Inc. Those individuals were identified as "Clients A and B" in the Civil Case. On December 1, 2021, a grand jury in the Eastern District of New York returned a sealed indictment (the "Slothower Indictment") charging Jeffrey Slothower with inter alia wire fraud, investment adviser fraud, and money laundering in connection with a scheme to defraud the same two

clients from the Civil Case, who are referred to as Victim-1 and Victim-2 in the <u>Slothower</u> Indictment.

On December 6, 2021 the indictment was unsealed and Slothower was arraigned before the Honorable Steven I. Locke. The Criminal Case was adjourned to January 28, 2022 for a status conference before Judge Brown. A Tele-Initial Conference regarding the Civil Case is scheduled for January 11, 2022 at 10:30 before Judge Locke.

While the government takes no position as to whom the case should be reassigned, the government respectfully submits that reassignment of the cases to one judge would likely be in the interest of justice and in the efficient disposition of the business of the court. The defendant, through his counsel Mr. Evan Sugar, consents to this request and the SEC takes no position.

Local Rule 50.4 permits reassignment of a case "in the interests of justice and the efficient disposition of the business of the court." Here, reassignment to one judge would likely serve the interests of justice and save judicial resources because there is substantial overlap in the core factual allegations underlying the Criminal and Civil Cases. Namely, both cases involve allegations related to Jeffrey Slothower's scheme to defraud Victim-1 and Victim-2 through materially false and fraudulent representations made during his time operating his investment advisory firm, Battery Private, Inc.

Accordingly, because of the subject matter overlap of the two cases, the government respectfully submits that reassigning the cases to one judge would likely serve the interests of justice and result in a significant savings of judicial resources.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Drew G. Rolle
Michael J. Bushwack
Assistant United States Attorneys
(718) 254-7000

cc: All Counsel of Record, Civil Docket No. 21-4577 (by e-mail)
All Counsel of Record, Criminal Docket No. 21-602 (by e-mail)