FILED
CLERK

11/25/2024 11:21 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

**MEMORANDUM
AND ORDER**
21-CR-602 (GRB)

-against-

JEFFREY SLOTHOWER,

Defendant.

----------------------------------------------------------------X
**GARY R. BROWN, United States District Judge:**

Following conviction on charges of wire fraud, investment adviser fraud and money laundering, defendant Jeffrey Slothower moves for a judgment of acquittal or a new trial pursuant to Rule 29 and 33 of the Federal Rule of Criminal Procedure. Docket Entry ("DE") 75. Because the proof of guilt at trial was well beyond sufficient to sustain the conviction, the motions are denied.

*Standard of Review*

As the Second Circuit has held:

Rule 29(a) of the Federal Rules of Criminal Procedure provides: "[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The test for sufficiency ... is whether a rational jury could conclude beyond a reasonable doubt that a defendant is guilty of the crime charged. ... The court must make that determination with the evidence against a particular defendant ... viewed in [the] light ... most favorable to the government, ... and [with] all reasonable inferences ... resolved in favor of the government." *Eppolito*, 543 F.3d at 45 (internal citations and quotation marks omitted). "The jury may reach its verdict based upon inferences drawn from circumstantial evidence, and the evidence must be viewed in conjunction, not in isolation." *Id.* A court will "overturn a conviction ... only if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, [it determines] that no rational trier of fact could have concluded that the Government met its burden of proof." *United States v. Glenn*, 312 F.3d 58, 63 (2d

1

Cir. 2002) (internal quotation marks omitted). The reviewing court must "defer[ ] to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018) (internal quotation marks omitted).

In sum, "[a] defendant challenging the sufficiency of the evidence supporting a conviction faces a 'heavy burden.'" *Glenn*, 312 F.3d at 63 (quoting *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994)).

*United States v. Pugh*, 945 F.3d 9, 19 (2d Cir. 2019). With respect to motions under Fed. R.

Crim. P. 33, this Court has previously held:

Rule 33 states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Although the Court "has broad[ ] discretion to grant a new trial under Rule 33[,]" it "nonetheless must exercise [its] Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances'." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)); *United States v. Wong,* 78 F.3d 73, 79 (2d Cir. 1996). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *Ferguson*, 246 F.3d at 134. "In other words, there must be a real concern that an innocent person may have been convicted" for the Court to grant such a motion. *United States v. Snype*, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotations and citations omitted). "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33[.]" *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal citations omitted).

Trial judges "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses.... It is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." *Sanchez*, 969 F.2d at 1414 (internal citations omitted). "In making this assessment, the judge must examine the totality of the case. All the facts and circumstances must be taken into account. An objective evaluation is required." *Id.*

*United States v. Carpenter*, 520 F. Supp. 3d 290, 292 (E.D.N.Y. 2021), *aff'd* 2022 WL 16960577

(2d Cir. Nov. 16, 2022). The Court reviews the motions against this backdrop.

*Facts*

Because the defendant's motion is narrow in scope, the factual review needed here is

similarly limited. In sum and substance, the evidence at trial demonstrated that the defendant

persuaded two victims to invest hundreds of thousands of dollars with him, based on representations that those funds would be held in the "capital reserves" of Battery Private, an entity operated by the defendant.  Tr. 357.  This investment was represented to feature a return of "8 percent interest with no risk."  *Id.*  One victim testified that the defendant represented that the funds would be deposited into an existing investment fund that purchased bonds, more specifically homeowner's association (HOA) bonds.  Tr. 82, 86, 89.  Other testimony supported this assertion, including testimony by a second victim to whom the defendant directly made similar promises.  Tr. 357, 387.

Further corroboration was provided by the introduction of a "Cash Agreement" through which the defendant assured the victims investment of the funds into "Battery Private's capital reserves," an 8% return and the ability for the monies to be "called at any time" on three months' notice.  Government Exhibit ("GX") 104, 106, 106.1.  Moreover, misrepresentations by the defendant to other entities about the nature of the victims' funds—including statements that the proceeds emanated from the sale of an art collection or a private wine collection—further support the Government's fraud and money laundering theories.  GX 700, 705.1.  Finally, the repurposing of the victims' funds to make the promised interest payments to them support the jury's finding regarding the money laundering counts.[1]  GX 110.

Perhaps unsurprisingly in this context, an overwhelming quantum of evidence demonstrated that the defendant used the victims' money, in large measure, for personal

---

[1] Interestingly, the Government describes these disbursements as "Ponzi-style payments."  DE 77 at 17.  Generally speaking, however, a Ponzi scheme (named for the wiles of postage stamp speculator Charles Ponzi) exists when, among other things, "the source of payments to investors was from cash infused by new investors."  *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 471 (Bankr. S.D.N.Y. 2015).  Here, there were no new investors.  Thus, the use of the victims' own money, without an infusion from new investors, might render this a "Ponzi-adjacent" scheme and the disbursements could be described as "gaslighting" payments.

expenditures including a $100,000 Mercedes Benz, substantial personal debts, luxury watches and a golf club membership.  *See, e.g.*, Tr. 544-45, 592-610.  The principal invested was never repaid to the victims.  Tr. 377.

*Discussion*

In considering a Rule 29 motion, Judge Matsumoto has noted:

> In resolving Rule 29 motions, a court should "avoid usurping the role of the jury." *Guadagna*, 183 F.3d at 129. Rather, a court must "defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony." *United States v. Bala*, 236 F.3d 87, 93–94 (2d Cir.2000). Moreover, a court cannot "substitute its own determination of ... the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Guadagna*, 183 F.3d at 129 (internal quotation marks omitted). Therefore, the jury's verdict will be upheld even if it is based entirely on circumstantial evidence. *Jackson*, 335 F.3d at 180; *see also Mallette v. Scully*, 752 F.2d 26, 32 (2d Cir.1984) ("[I]t is seldom possible to present testimonial or direct evidence of an accused's state of mind.... Circumstantial evidence of this subjective fact is therefore indispensable."). "The fact that a conviction may be supported only by the uncorroborated testimony of a single accomplice is not a basis for reversal if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Parker*, 903 F.2d 91, 97 (2d Cir.1990). Thus, "any lack of corroboration goes only to the weight of the evidence, not to its sufficiency. The weight is a matter for argument to the jury, not a ground for reversal on appeal." *United States v. Gonzalez,* 110 F.3d 936, 941 (2d Cir.1997). "In fact, if the court concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." *Guadagna,* 183 F.3d at 129 (internal quotation marks omitted).

*United States v. Watts*, No. 10-CR-627 S-2 (KAM) 2013 WL 5423748, at *15 (E.D.N.Y. Sept. 26, 2013).

In this case, by comparison, the jury's determinations rest not upon the testimony of an uncorroborated accomplice or a purely circumstantial showing—either of which could well sustain the verdict—but the testimony of two victims along with significant corroborating evidence.  Thus, the Rule 29 motion, which attempts to highlight purported absences in the Government's proof and attack the credibility of one victim-witness, does not even begin to

approach the "heavy burden" borne by the defendant on this motion.  Likewise, the objections raised fail to invoke the specter of a "manifest injustice" required for relief under Rule 33.

*Conclusion*

Based upon the foregoing, the defendant's motions pursuant to Fed. R. Crim. P. 29 and 33 are DENIED.  The matter will be set for sentencing.

**SO ORDERED.**

Dated: November 25, 2024
          Central Islip, New York


                                        /s/Gary R. Brown
                                        HONORABLE GARY R. BROWN
                                        UNITED STATES DISTRICT JUDGE